Jason D. Guinasso, Esq. (SBN 8478)
Astrid A. Perez, Esq. (SBN 15977)
HUTCHISON & STEFFEN, PLLC
5371 Kietzke Lane
Reno, Nevada 89511
Tel: (775) 853-8746
Fax: (775) 201-9611
jguinasso@hutchlegal.com
aperez@hutchlegal.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| BRANDON ENGLERT, an individual<br><br>Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a government entity; and DOES 1-10, inclusive,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**(JURY DEMAND)** |

COMES NOW, Plaintiff, BRANDON ENGLERT ("Plaintiff" or "Englert"), by and through the undersigned counsel of record, and hereby requests a jury trial relative to all issues triable as follows:

**JURISDICTION AND VENUE**

1. Plaintiff, BRANDON ENGLERT brings this action under 42 U.S.C. § 2000 *et. seq.*, 29 U.S.C. § 630 *et. seq.*, and 29 U.S.C. § 621 *et. seq.*, Nev. Rev. Stat. § 613.330, Nev. Rev. Stat. § 613.340 to remedy acts of employment discrimination perpetrated against him by the Las Vegas Metropolitan Police Department ("LVMPD"). Plaintiff contends that LVMPD discriminated against him on the basis of sex and retaliation because he declined multiple sexual

advances made by his supervisor. Plaintiff further asserts that LVMPD retaliated against him for having complained about such discrimination, retaliation, and unfair treatment.

2. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332.

3. Venue is proper in this judicial district under 28 U.S.C. § 1391; as Plaintiff was employed with LVMPD, in Nevada at the time of the alleged discrimination, Plaintiff's employment records are maintained by LVMPD in this judicial district, Plaintiff conducts business in this judicial district, and decisions adverse to Plaintiff's employment that are subject of this civil action were made in this judicial district.

## PARTIES

4. At all relevant times here, Englert has been a resident of the State of Nevada. At all times relevant, Plaintiff resided in Clark County, Nevada and at all times relevant to this action, was employed by LVMPD, and is a "person" within the meaning of 42 U.S.C. § 2000e(a) and 29 U.S.C. § 630(a).

5. Upon information and belief, Defendant is a government entity, organized and existing under, and by virtue of, the laws of the State of Nevada, within the State of Nevada.

6. Upon information and belief, at all times relevant to this action, Defendant was an "employer" within the meaning of 42 U.S.C. § 2000e(b) and 29 U.S.C. § 630(b) because it employed 20 or more individuals on a full-time basis in excess of 20 weeks per year.

7. Plaintiff does not know the names and capacities, whether a business entity, governmental, or individual of those Defendants sued herein as Does 1-10, inclusive, Plaintiff prays leave that when the true names and capacities of said Defendants are ascertained, he may be permitted to insert the same herein with appropriate allegations; but upon information and belief, Plaintiff alleges that each of said Defendants is legally responsible at all times alleged herein. Relief is sought herein against each and all Defendants, as well as its or their agents, assistants, successors, employees and all persons acting in concept or cooperation with them or at their direction.

8. That each of the Defendants is the agent, servant, employee, representative,

principal, master, supervisor and/or employer of each of the other Defendants; each Defendant was acting within the service and scope of that agency, employment or other relationship at all times alleged herein. Relief is sought herein against each and all Defendants, as well as its or their agents, assistants, successors, employees and all persons acting in concert or cooperation with them or at their direction.

**PROCEDURAL REQUIREMENTS**

9.  Plaintiff has satisfied all administrative and jurisdictional requirements necessary to maintain this lawsuit. Plaintiff has timely filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about December 4, 2018.  A true and correct copy of Plaintiff's Charge of Discrimination attached hereto as **Exhibit 1**. Such allegations of **Exhibit 1** are hereby incorporated herein this Complaint.

10.  On or about February 15, 2022, Plaintiff received a Notice of Right-to-Sue issued by EEOC. A true and correct copy of Plaintiff's Right-to-Sue attached hereto as **Exhibit 2**.

11.  This Complaint has been filed within 90 days of receipt of that Notice. Plaintiff has fully complied with all prerequisites to jurisdiction of the Court.

**GENERAL ALLEGATIONS**

12.  On or about July 18, 2006, Englert was hired by LVMPD. He began working as a Police Officer and was promoted to detective in Vice.

13.  During his time in Vice, Englert was supervised by Sergeant Jennifer Benjamins ("Sergeant Benjamins"). Upon information and belief Sergeant Benjamins became part of the Vice unit on or about July of 2017.

14.  On or about November 28, 2017, shortly after Sergeant Benjamins became part of the Vice unit, Sergeant Benjamins began making inappropriate comments to Englert that he and Sergeant Benjamins should go on vacation together and have sex. Englert disregarded Sergeant Benjamins's comments and attempted to carry on his job duties as normal. However, Sergeant Benjamins continued to make inappropriate advances towards Englert.

15.  On or about December 22, 2017, Sergeant Benjamins hosted a holiday party for the squad at her home. Sergeant Benjamins sent a text message to Englert, inviting him to her

home about an hour before everyone arrived. While he and Sergeant Benjamins waited for everyone from the squad to arrive, Sergeant Benjamin walked Englert to her room to "see" and said to him "this is where the magic happens." Again, Englert attempted to disregard Sergeant Benjamins's sexual advances and carry on as if nothing happened. However, Sergeant Benjamins's behavior escalated.

16. On or about January 25, 2018, Sergeant Benjamins escalated her behavior from inappropriate comments to inappropriate touching. Sergeant Benjamins had smacked Englert in the genital area causing Englert severe pain. Rather than express any concern, Sergeant Benjamins laughed at Englert.

17. On several occasions, Sergeant Benjamins showed Englert pictures of her in a bikini, forcing Englert to look at them. Upon showing the pictures, Sergeant Benjamins would ask Englert whether she looked good, attempting to illicit a response from Englert. Sergeant Benjamins would also make remarks about her losing weight and feeling good about herself. The pictures and comments made Englert uncomfortable, especially considering Sergeant Benjamins was his supervisor. However, the fact that Sergeant Benjamins was his supervisor led Englert to attempt to avoid any conflict and he would tell Sergeant Benjamins what he thought she wanted to hear in fear of her retaliation if he didn't.

18. Sergeant Benjamins would ask Englert on numerous occasions when she and Englert would be going on vacation. Englert declined her advances, but Sergeant Benjamins told Englert that "fucking" may or may not be involved in the vacation, while laughing at Englert.

19. Sergeant Benjamins would also make comments to Englert on how she used to have sex with another Vice detective, Rich Chavez. Sergeant Benjamins would also tell Englert that he had the "best looking body" in Vice.

20. During one operation night, Englert had to strip down to his underwear. This part of the operation was caught on video. After the operation had ended, Sergeant Benjamins told Englert that she was going to use this video for her UC school. This would expose Englert to hundreds of people, however, Englert did not want his body to be used for training purposes.

21. Sergeant Benjamins would even go as far as making comments concerning Englert

in front of his colleges. On several occasions, for example, Sergeant Benjamins would make comments to Englert that he had a "small penis." Englert felt embarrassed to hear these comments from his supervisor, especially in front of his work colleagues.

22. To Englert's knowledge and understanding, LVMPD was aware of Sergeant Benjamins's behavior and there were several reports made against her for similar conduct with other officers.

23. On or about March 25, 2018, Englert complained to Lieutenant Kristine Burist about Sergeant Benjamins's harassment towards Englert. Instead of taking Englert's complaints seriously, Lieutenant Burist shockingly told Englert not to "make mountains out of mole hills." Englert then realized that he needed to file a sexual harassment complaint so that his complaints could be taken seriously. That same day, Englert filed a sexual harassment complaint against Sergeant Benjamins for her behavior with the Employment Diversity Section of the Internal Affairs Bureau. Thereafter, the retaliation began.

24. On April 1, 2018, Sergeant Benjamins reported Englert and Detective Audrey Cognian, for a complaint that was submitted in February 2018. Sergeant Benjamins did nothing with the complaint for about two months. However, as soon as Englert submitted his sexual harassment complaint against Sergeant Benjamins, she reported this complaint making Englert and Cognian subject to an Internal Affairs Investigation.

25. On or about June 13, 2018, Englert was advised that his sexual harassment claim was going to be closed with no further action to be taken. However, a proper investigation into the allegations was not completed.

26. On November 3, 2018, Englert was demoted from Detective to Patrolman. Detective Cognian, however, was not demoted.

27. Englert suffered additional retaliation by not being allowed to test for positions, despite having a better record than several other people with an extensive disciplinary history.

28. Englert was also denied his preferred schedule, which was both retaliation and a violation of his Collective Bargaining Agreement.

///

## FIRST CAUSE OF ACTION
### (Unlawful Employment Practices: Gender Discrimination)

29. Plaintiff Englert repeats, realleges, and incorporates by reference the allegations set for the in paragraphs 1 through 28 of this Complaint as though fully set forth herein.

30. At all times relevant, Englert was and is an employee, as defined by Title VII , and NRS 608.010.

31. At all times relevant, Defendant LVMPD is an "employer(s)" as defined by Title VII and NRS 608.011.

32. At all times relevant, Defendant is, and was Englert's employer and, as such, was barred from discriminating in employment decisions on the basis of gender or sexual orientation as set forth in NRS 613.330, *et seq*. and 42 U.S.C. 2000 *et. seq*.

33. Pursuant to Title VII of the Civil Rights Act, as amended, and NRS 613.330, it is an unlawful employment practice for an employer to fail or refuse to hire or to discharge any person, or otherwise discriminate against any person with respect to the persons compensation, terms, conditions, or privileges of employment, because of his or her race, color, religion, sex, sexual orientation, gender identity or expression, age, disability or national origin.

34. Plaintiff Englert is a male and thus belongs to the class of individuals protected by Nev. Rev. Stat. §613.330 and 42 U.S.C. 2000e *et. seq*.

35. Plaintiff Englert had the qualifications necessary to adequately perform his job duties.

36. Plaintiff Englert was performing his job duties according to his employer's legitimate expectations.

37. Under the applicable laws cited herein, Defendant LVMPD has the obligation to provide a workplace free of discrimination and harassment on the basis of sex and gender. Plaintiff has the same right to the full and equal benefit of the laws and proceedings for the security of persons and property as enjoyed by all employees.

38. During the course of his employment, Englert was subjected to discrimination, harassment, and differential treatment by Defendant LVMPD, its employees,

management, agents, employees, and/or representatives, because of his sex and gender.

39. Specifically, Englert was discriminated against, received disparate treatment from other colleagues, sexually harassed, the victim of unwanted sexual advances on the basis of his gender, and passed over for promotions on numerous occasions for other applicants despite his qualifications.

40. As a result of the harassment, Englert reported his supervisor's behavior to LVMPD, however, instead of properly investigating and taking appropriate action to stop the harassment, LVMPD demoted Englert.

41. The conduct of Defendant LVMPD described in this Complaint constitutes unlawful discrimination in violation of Nev. Rev. Stat. § 613.330 and 42 U.S.C. 2000e *et. seq.*, i.e., discrimination, and differential treatment on the basis of sex and gender.

42. As a direct result of Defendant LVMPD's unlawful, discriminatory conduct, Englert suffered financial harm and emotional distress. The above-described acts of Defendant LVMPD were further made intentionally and done with a conscious disregard for Plaintiff's protected rights.

43. Defendant LVMP's conduct directly and proximately caused Plaintiff Englert to suffer loss of wages, loss of earning capacity, as well as severe emotional and physical distress for which he is entitled to compensatory damages in excess of $15,000.00, and in an amount to be determined by trial.

44. Plaintiff is entitled to all legal and equitable remedies available under Nev. Rev. Stat. § 613.330, and 42 U.S.C § 2000e *et seq*, Title VII of the Civil Rights Act.

45. As a result of Defendant LVMPD's conduct, Plaintiff Englert has been forced to retain and employ legal counsel and thus is entitled to all costs, fees, and expenses related to or arising from this litigation.

**SECOND CAUSE OF ACTION**
**(Retaliation)**

46. Plaintiff Englert repeats, realleges, and incorporates by reference the allegations set for the in paragraphs 1 through 45 of this Complaint as though fully set forth herein.

47. As set forth more fully above, Defendant retaliated against Englert when he opposed discrimination and unlawful conduct.

48. Plaintiff's employment began on or about July 18, 2006. During his tenure he was promoted to Detective in the Vice Unit.

49. Over Englert's tenure with LVMPD, Englert engaged in legally protected conduct by filing a complaint with the Employment Diversity Section of the Internal Affairs Bureau to address issues of sexual harassment and discriminatory actions based on his gender.

50. Defendant LVMPD retaliated against Englert in violation of Nev. Rev. Stat. §613.340 and 42 U.S.C. § 2000e *et seq,* Title VII of the Civil Rights Act, by taking adverse employment action against Englert, including, but not limited to, demotion from him position, being passed over from testing for other positions because of Plaintiffs' participation in and/or opposition to practices and/or actions of LVMPD that were unlawful under all applicable laws cited herein.

51. Defendant LVMPD retaliated against Englert because Englert opposed that which he reasonably and in good faith believed to be unlawful discrimination and harassment in his employment, and also because he complained about said harassment and discrimination.

52. Defendant LVMPD's conduct directly and proximately caused Plaintiff Englert to suffer loss of wages, loss of earning capacity, as well as severe emotional and physical distress for which he is entitled to compensatory damages in excess of $15,000.00, and in an amount to be determined at trial.

53. Defendant LVMPD's actions were intentional, deliberate, willful, malicious, and conducted in a callous disregard for the harm caused to Plaintiff.

54. Plaintiff is entitled to all legal and equitable remedies available under Nev. Rev. Stat. §613.340, and 42 U.S.C § 2000e *et seq,* Title VII of the Civil Rights Act.

55. As a result of Defendant LVMPD's conduct, Plaintiff Englert has been forced to retain and employ legal counsel and thus is entitled to all costs, fees, and expenses related to or arising from this litigation.

///

## THIRD CAUSE OF ACTION
### (Hostile Work Environment)

56. Plaintiff repeats, realleges, and incorporates by reference the allegations set forth in paragraphs 1 through 55 of this Complaint as though fully set forth herein.

57. Defendant's agents subjected Englert to a hostile, intimidating work environment by imposing arbitrary performance standards, initiating a campaign of retaliatory conduct against him, and demoting him.

58. Defendant's agents' comments and actions and adverse actions against Englert occurred in several messages, verbal conversations and in-person interactions.

59. Defendant and its agents' conduct was so severe and pervasive that it significantly altered the condition of Englert's employment with Defendant, affected his psychological wellbeing, and eventually led to his demotion.

60. In addition, the conduct was sufficiently severe and pervasive to create an abusive work environment, and unreasonably interfered with Plaintiff's work.

61. Defendant and its agents further intentionally subjected Englert to sexual harassment and discriminatory conduct based on his gender.

62. As a direct and proximate result of the breach of its duties owed to Plaintiff to prevent such conduct, Defendant's agents, servants, or employees unlawfully and willfully subjected Englert to discriminatory treatment and retaliation in violation of state law.

63. As a result of Defendant's conduct, Englert has been damaged in excess of $15,000.00, and in an amount to be determined at trial.

64. As a further result of Defendant LVMPD's above-described actions, Englert has been required to engage the services of an attorney and is therefore, entitled to an award of reasonable attorneys' fees, costs, and interest incurred herein.

## FOURTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

65. Plaintiff Englert repeats, realleges, and incorporates by reference the allegations set for the in paragraphs 1 through 64 of this Complaint as through fully set forth herein.

66. The conduct as described more fully above of Defendant LVMPD, its agents, employees, and/or representatives, were extreme and outrageous and done for the purpose of injuring Englert.

67. As a direct and proximate result of Defendant LVMPD's conduct, Englert suffered emotional distress which caused and will continue to cause Plaintiffs extreme mental and nervous pain and suffering.

68. As a direct and proximate result of Defendant LVMPD's acts and conduct, Plaintiff incurred and continues to incur medical expenses, possible future medical expenses, loss of earnings, and loss of enjoyment of life, all to said Plaintiff's general damages in an amount to be determined at trial.

69. The conduct of Defendant LVMPD, its agents, employees, and/or representatives were intentional, malicious, willful, and outrageous and therefore, constitutes an intentional infliction of emotional distress of Englert.

70. That Defendant LVMPD's conduct constitutes intentional, malicious, willful and wanton acts.

71. As a result of Defendant's conduct, Englert has been damaged in excess of $15,000.00, and in an amount to be determined at trial.

72. As a further result of Defendant LVMPD's above-described actions, Englert has been required to engage the services of an attorney and is therefore, entitled to an award of reasonable attorneys' fees, costs, and interest incurred herein.

**FIFTH CAUSE OF ACTION**
**(Negligent Training and Supervision)**

73. Englert repeats, realleges, and incorporates by reference the allegations set for the in paragraphs 1 through 72 of this Complaint as though fully set forth herein.

74. LVMPD has a duty to properly train and supervise its employees, including ensuring that employees comply with the laws prohibiting sexual discrimination and harassment and other forms of discrimination. As well as prohibiting acts and courses of conduct amounting to retaliation.

75. Defendant LVMPD's duty to properly train and supervise extends to all persons it employs.

76. Defendant's behavior towards Englert, including but not limited to, inappropriate sexual comments, sexual advances, inappropriate touching, and unilaterally, adversely altering the terms and conditions of his employment, and demotion have been extreme, outrageous and was at a minimum negligent.

77. Defendant LVMPD was informed and aware of the unlawful and negligent actions of its employees through the report made by Plaintiff Englert, and the various communications between Englert and employees of LVMPD.

78. Despite being informed that Englert was being sexually harassed and discriminated against, LVMPD retaliated against Englert based on legally protected conduct, and Defendant failed to take any action to protect Englert's rights.

79. Defendant failed to properly hire, train, and supervise its agents, servants, or employees herein with respect to retaliation and anti-discrimination laws, among other things when it allowed its employees to discriminate against Englert with discriminatory treatment and retaliation in violation of Federal and State law.

80. As a result of Defendant's conduct, Englert is entitled to damages in an amount in excess of $15,000.00, to be determined at trial.

81. As a further result of Defendant LVMPD's above-described actions, Englert has been required to engage the services of an attorney and is therefore, entitled to an award of reasonable attorneys' fees, costs, and interest incurred herein.

## JURY TRIAL DEMAND

82. Pursuant to the Federal Rules of Civil Procedure (FRCP) Rule 38, Plaintiff hereby demands a trial by jury as to all issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. That the Court award general compensatory damages for Plaintiff in an amount in excess of $15,000.00, to be determined at trial;

B.  That the Court award Plaintiff special damages;

C.  That the Court award back pay, reinstatement or front pay if reinstatement is not proper;

D.  That the Court award Plaintiff his costs and attorney's fees incurred in connection with this action; and

E.  For any other and further relief as the Court deems just and proper.

Dated this 16th day of May, 2022

/s/ Jason D. Guinasso
Jason D. Guinasso, Esq. (SBN 8478)
Astrid A. Perez, Esq. (SBN 16977)
HUTCHISON & STEFFEN, PLLC
5371 Kietzke Lane
Reno, Nevada 89511
Tel: (775) 853-8746
Fax: (775) 201-9611
jguinasso@hutchlegal.com
aperez@hutchlegal.com

*Attorney for Plaintiff*

**VERIFICATION**

I, Brandon Englert, declare and state that I am the Plaintiff in this matter. I have read the foregoing Complaint and know the contents thereof; that the same is true of my own knowledge except as to those matters therein stated upon information and belief and as to those matters, I believe the same to be true.

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing VERIFICATION is true and correct.

Executed on this 16th day of May, 2022.

*/s/ Brandon Englert*

Brandon Englert