**Marquis Aurbach**
Nick D. Crosby, Esq.
Nevada Bar No. 8996
Susan E. Gillespie, Esq.
Nevada Bar No. 15227
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
ncrosby@maclaw.com
sgillespie@maclaw.com
   Attorneys for Defendant LVMPD

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BRANDON ENGLERT, an individual,<br><br>        Plaintiff,<br><br>  vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a government entity and DOES 1-10, inclusive,<br><br>        Defendant. | Case Number:  2:22-cv-00774-MMD-EJY |

### DEFENDANT LAS VEGAS METROPOLITAN POLICE DEPARTMENT'S MOTION FOR PARTIAL DISMISSAL

    Defendant Las Vegas Metropolitan Police Department (hereinafter "LVMPD" or the "Department"), by and through its counsel of record, Marquis Aurbach, hereby files its Motion for Partial Dismissal of Plaintiff's Complaint. (ECF No. 1.) This Motion is made and based upon the attached Memorandum of Points and Authorities, the pleadings and papers on file herein, and any oral argument allowed by the Court.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

    Plaintiff's Fourth and Fifth causes of action should be dismissed because relief cannot, as a matter of law, be granted on these claims. Specifically, Plaintiff's Fifth cause of action fails because LVMPD enjoys discretionary immunity from Plaintiff's Negligent Training and Supervision claim. Additionally, Plaintiff's Fourth cause of action must be

MAC:14687-424 4795296_1 8/2/2022 1:36 PM

1  dismissed because Plaintiff pled only conclusory allegations regarding his alleged emotional
2  distress which are wholly insufficient. Accordingly, Plaintiff's Negligent Training and
3  Supervision claim and his Intentional Infliction of Emotional Distress claims must be
4  dismissed.

## II. STATEMENT OF FACTS[1]

### A. THE PARTIES.

The Department is a local government entity, organized under the laws of the state of Nevada. (ECF No. 1, ¶ 5). Plaintiff Brandon Englert ("Plaintiff") was hired by LVMPD in 2006. (ECF No. 1, ¶ 12). At all times relevant to this proceeding Plaintiff was employed by LVMPD. (Id. at ¶ 4). On or about November 3, 2018, Plaintiff was demoted from Detective to Patrolman. (Id. at ¶ 26).

### B. THE COMPLAINT.

Plaintiff filed his Complaint on May 16, 2022. In the Complaint, Plaintiff alleges five causes of action, to wit: (1) Unlawful Employment Practices: Gender Discrimination; (2) Retaliation; (3) Hostile Work Environment; (4) Intentional Interference of Emotional Distress; (5) Negligent Training and Supervision. (ECF No. 1 at ¶¶ 29-81). Generally speaking, the Plaintiff alleges that he was subjected to unlawful conduct on the part of his supervisor, Sergeant Jennifer Benjamins ("Benjamins"), during his assignment to the Department's Vice unit. (*See gen*., ECF No. 1). Plaintiff claims this unlawful conducted included unwanted touching of his groin area and unwanted sexual advances. (ECF No. 1 at ¶¶ 14-21). It is further alleged that when Plaintiff reported the alleged unlawful conduct to Sgt. Benjamins' supervisor and the Department, neither took any action and, instead, Sgt. Benjamins launched a retaliation campaign. (ECF No. at ¶¶ 23-26).

## III. LEGAL STANDARD

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

---

[1] For purposes of this Motion, the Department assumes Plaintiff's facts as alleged in the Complaint are true.

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

In assessing a motion to dismiss, the issue is not whether a plaintiff will ultimately prevail on the merits, but rather, whether the claimant asserted sufficient factual allegations to support his claims such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation. *See; e.g., Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011); *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

"To avoid a Rule 12(b)(6) dismissal, a complaint does not need detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Nevertheless, even though a complaint does not need detailed factual allegations, the facts stated "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678.

## IV.  LEGAL ARGUMENT

### A.  PLAINTIFF'S NEGLIGENT TRAINING AND SUPERVISION CLAIM MUST BE DISMISSED BECAUSE LVMPD ENJOYS DISCRETIONARY IMMUNITY.

LVMPD is immune from liability for Plaintiff's Negligent Training and Supervision claim pursuant to the Doctrine of Discretionary-Function Immunity. Nevada has generally waived its sovereign immunity, *see* NRS 41.032, but it has retained its immunity for state officials exercising discretion. *See id.*; *see also Carey v. Nevada Gaming Control Bd.*, 279 F.3d 873, 878 (9th Cir. 2002). A person cannot maintain an action against an officer or employee of Nevada "[b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the State or any of its agencies . . . or of any officer . . . *whether or not the discretion involved is abused*." NRS 41.032(2) (emphasis added).

MAC:14687-424 4795296_1 8/2/2022 1:36 PM

Nevada's discretionary-function statute mirrors the Federal Tort Claims Act ("FTCA"), so Nevada law looks to federal decisional law on the FTCA for guidance on what type of conduct is protected by NRS 41.032. *Martinez v. Maruszczak*, 123 Nev. 433, 168 P.3d 720 (2007). In *Berkovitz–Gaubert,* the United States Supreme Court proffered a two-part test to guide courts in determining whether actors have discretionary immunity from FTCA claims, and in *Martinez*, Nevada expressly adopted that test. *See id.* Under that test, an act is entitled to discretionary immunity if: (1) the act involves elements of judgment or choice; and (2) the act was based on considerations of public policy. *Id.* at 445, 168 P.3d at 728–29. Federal courts applying the *Berkovitz-Gaubert* test assess cases on their merits, keeping in mind Congress' purpose in enacting the exception, which was to "prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *Id.* at 433, 168 P.3d at 729 (internal quotation marks omitted).

Importantly, "decisions relating to the hiring, training, and supervision of employees usually invoke policy judgments of the type Congress intended the discretionary function exception to shield." *Vickers v. United States*, 228 F.3d 944, 950 (9th Cir. 2000). Thus, both state and federal courts in Nevada and in the Ninth Circuit consistently reject negligent hiring claims lodged against the police. *See, e.g.*, *Neal-Lomax v. Las Vegas Metro. Police Dep't*, 574 F. Supp. 2d 1170, 1192 (D. Nev. 2008), *aff'd*, 371 F. App'x 752 (9th Cir. 2010) ("Because Nevada looks to federal case law to determine the scope of discretionary immunity, and because federal case law consistently holds training and supervision are acts entitled to such immunity, LVMPD is entitled to discretionary immunity on this claim."); *Ramirez v. Clark Cty.*, No. 2:09-CV-98 JCM-RJJ, 2011 WL 3022406, at *5 (D. Nev. July 22, 2011) ("[The] plaintiff is claiming negligent hiring, training, and supervision. As these functions are usually considered discretionary functions, and there is no reason to depart from such an interpretation in this case, the plaintiff's sixth claim for relief is barred by NRS 41.032."); *Beckwith v. Pool*, No. 2:13-CV-125 JCM-NJK, 2013 WL 3049070, at *6 (D. Nev. June 17, 2013) ("[The plaintiff] has alleged that the [] defendants negligently hired,

MAC:14687-424 4795296_1 8/2/2022 1:36 PM

trained, and supervised certain police officers that allegedly caused her to remain in jail for up to twelve hours. However, the discretionary function exception bars these claims."); *see also Koiro v. Las Vegas Metro. Police Dep't.*, 2:12-CV-00725-MMD-GWF, 2013 WL 236898, *2 (D. Nev. Jan. 22, 2013); *Vasquez-Brenes v. Las Vegas Metro. Police Dep't.*, 2:12-CV-1635 JCM-VCF, 2014 WL 447152, at *10 (D. Nev. Sept. 10, 2014).

The Ninth Circuit and Nevada District Court routinely hold that "decisions relating to the hiring, training, and supervision of employees usually invoke policy judgments of the type Congress intended the discretionary function exception to shield." *Vickers v. United States*, 228 F.3d 944, 950 (9th Cir. 2000) (citing cases); *Gordon v. Las Vegas Metro. Police Dep't.*, No. 2:13–cv–01095–GMN–GWF, 2015 WL 5344549 at *9 (D.Nev. Sept. 14, 2015); *Neal-Lomax v. Las Vegas Metro. Police Dep't.*, 574 F. Supp. 2d 1170, 1182 (D. Nev. 2008); *Ramirez v. Clark County*, 2011 WL 3022406 (D.Nev. 2011) ("defendants are immune from suit pursuant to NRS 41.032 for their supervision and training). Furthermore, the Nevada Supreme Court recently determined that such LVMPD is, in fact, immune from such claims. *See Paulos v. FCH1, LLC*, 136 Nev. 18, 456 P.3d 589 (2020).

Here, Plaintiff has not offered any allegation which would allow his Fifth Cause of Action to escape dismissal via the application of discretionary immunity. Instead, the Complaint offers a rote recitation of a negligent hiring, training, supervision and retention cause of action, which is exactly the type of claims from which the Department enjoys discretionary immunity. Accordingly, Plaintiff's Fifth cause of action is barred as a matter of law and the same should be dismissed.

**B. PLAINTIFF'S INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM MUST BE DISMISSED, OR ALTERNATIVELY, THE PLAINTIFF SHOULD BE REQUIRED TO AMEND THE COMPLAINT TO INCLUDE A MORE DEFINITE STATEMENT.**

Plaintiff's fourth claim for relief Plaintiff is for "intentional infliction of emotional distress." (ECF No. 1, ¶¶ 65–72). To prevail on a claim for intentional infliction of emotional distress (IIED) under Nevada law, a plaintiff must show: "1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional

MAC:14687-424 4795296_1 8/2/2022 1:36 PM

1  distress, 2) the plaintiff's having suffered severe or extreme emotional distress, and 3) actual
2  or proximate causation." *Olivero v. Lowe*, 995 P.2d 1023, 1025 (Nev. 2000). Outrageous
3  conduct is behavior that goes "outside all possible bounds of decency and is regarded as
4  utterly intolerable in a civilized community." *Maduike v. Agency Rent-A-Car*, 953 P.2d 24,
5  26 (Nev. 1998) (quotation omitted).

6      The allegations of the Complaint do not support an IIED claim against LVMPD as
7  the Complaint contains nothing more than conclusory allegations regarding Plaintiff's
8  emotional distress. Such conclusory remarks are insufficient to support a plausible claim for
9  intentional infliction of emotional distress. *Iqbal*, 556 U.S. at 678; *see also Betsinger v.*
10 *D.R. Horton, Inc.*, 232 P.3d 433, 436 (Nev. 2010) (holding that a plaintiff must demonstrate
11 that he or she suffered some physical manifestation of emotional distress). Plaintiff fails to
12 allege "objectively verifiable" facts which indicate the severity of his emotional distress.
13 *See, e.g., Miller v. Jones*, 114 Nev. 1291, 1300, 970 P.2d 571, 577 (1998). Accordingly, the
14 Court should dismiss Plaintiff's IIED claim.

15     If the Court is not inclined to dismiss the IIED claim, the Plaintiff should be ordered
16 to amend the Complaint to provide a more definite statement. Federal Rule of Civil
17 Procedure 12(e) permits a party to move for a more definite statement when a pleading is
18 "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ.
19 P. 12(e). As mentioned above, Plaintiff's Fourth cause of action is void of any factual
20 allegations concerning the alleged emotional distress such that LVMPD cannot prepare a
21 meaningful response. Instead, Plaintiff identifies the IIED claim and states he has suffered
22 emotional distress. There is nothing specific that Department can derive from the Complaint
23 to discern the factual merits of the claim.

24 **V.     CONCLUSION**

25     Plaintiff's Fourth and Fifth causes of action should be dismissed because Plaintiff
26 failed to state a claim upon which relief can be granted. Alternatively, if the Court is not
27 inclined to dismiss the Fourth cause of action, the Plaintiff should be ordered to amend the
28

MAC:14687-424 4795296_1 8/2/2022 1:36 PM

Complaint to include a more definite statement, such that the Department will be able to understand the allegations and provide a meaningful response.

Dated this 2nd day of August, 2022.

MARQUIS AURBACH

By *s/Nick D. Crosby*
Nick D. Crosby, Esq.
Nevada Bar No. 8996
Susan E. Gillespie, Esq.
Nevada Bar No. 15227
10001 Park Run Drive
Las Vegas, Nevada 89145
Attorney(s) for Defendant LVMPD

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **DEFENDANT LAS VEGAS METROPOLITAN POLICE DEPARTMENT'S MOTION FOR PARTIAL DISMISSAL** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 2nd day of August, 2022.

☒ I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☒ I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants: n/a

*s/Sherri Mong*
an employee of Marquis Aurbach

MAC:14687-424 4795296_1 8/2/2022 1:36 PM